**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| HAZEL BROWN,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO, N/A; AMERICAN SECURITY INSURANCE COMPANY; BROCK & SCOTT, PLLC; NICHOLS & SATTERFIELD, PLLC; and MORTGAGEIT, INC.,<br><br>Defendants. | ) | 1:11CV686 |

**MEMORANDUM OPINION AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on (1) Plaintiff's Motion for Remand (Docket Entry 13); (2) Wells Fargo's Motion for Change of Venue (Docket Entry 17); and (3) Wells Fargo's Motion to Shorten Response Time and for Expedited Consideration of Wells Fargo's Motion for Change of Venue (Docket Entry 19). For the reasons that follow, the Court will deny Plaintiff's Motion for Remand (Docket Entry 13) and Wells Fargo's Motion to Shorten Response Time and for Expedited Consideration of Wells Fargo's Motion for Change of Venue (Docket Entry 19) as moot and grant Wells Fargo's Motion for Change of Venue (Docket Entry 17).[1]

---

[1] "[A] Magistrate Judge is empowered to issue the transfer order, which is non-dispositive, without the approval of the District Court." Scheafnocker v. Commissioner of Internal Revenue Serv., 642 F.3d 428, 433 n.6 (3d Cir. 2011); accord Century Furniture, LLC v. C & C Imports, Inc., No. 1:07CV179, 2007 WL 2712955, at 1 n.1 (W.D.N.C. Sept. 14, 2007) (unpublished); Surotchak v. Apfel, No. Civ. A. 98-0073-C, 1999 WL 301705, at *1 (W.D. Va. Feb. 8, 1999) (unpublished).

## Factual Background

Plaintiff's claims arise from events surrounding a refinance loan Plaintiff obtained on her home in Durham, North Carolina. (See Docket Entry 2, ¶ 13; Docket Entry 17 at 5.). Mortgageit, Inc. ("Mortgageit") was the originator of the loan (see Docket Entry 2, ¶ 14) and Nichols & Satterfield, PLLC ("Nichols & Satterfield") was the settlement agent for the closing (see id., ¶ 15). Mortgageit endorsed the promissory note to Wells Fargo, N/A ("Wells Fargo") (see id., ¶ 14), and Wells Fargo's standard forms were used at closing (id.).

Under the terms of the closing documents, Plaintiff was required to maintain homeowner's insurance for the property. (See id., ¶ 16.) Plaintiff alleges that despite the parties' understanding that the initial homeowner's insurance premium would be paid out of closing funds, said premium was never paid. (Id., ¶¶ 18, 19.) Though Plaintiff originally had an insurance policy covering the house, as a result of the failure to pay the premium at closing, the insurance policy lapsed (see id., ¶ 22). Wells Fargo in turn force-placed an insurance policy on the home (see id., ¶¶ 27-29) and created an escrow account for Plaintiff, which significantly increased her monthly payments (see id., ¶ 31). Plaintiff contends that Wells Fargo did not take said action until fourteen months after receiving notice of expiration of the previous policy and "placed a back dated insurance policy with

Defendant [American Security Insurance Company ("American Security")]. Wells Fargo also effectively requested payment from [Plaintiff] of three annual premiums for hazard insurance (two for backdated policies and one prospectively), . . . which cost approximately twice the market rate." (Id., ¶ 30.) Plaintiff was ultimately unable to manage the increased monthly payments, and, after default, Wells Fargo initiated a foreclosure proceeding on Plaintiff's property. (Id., ¶ 36.)

Procedural Background

Plaintiff filed the instant action in the Superior Court Division of Durham County against Defendants Wells Fargo, American Security, Brock & Scott, PLLC ("Brock & Scott"), Nichols & Satterfield and Mortgageit alleging (1) "Breach of Contract" (see id., ¶¶ 45-48); (2) "Covenant of Good Faith and Fair Dealing" (see id., ¶¶ 49-50); (3) "Negligent Misrepresentation" (see id., ¶¶ 51-55); and (4) "Negligence" (see id., ¶¶ 56-58).

Defendant Wells Fargo petitioned the Court for removal based on diversity of citizenship (see Docket Entry 1) in response to which Plaintiff filed a Motion for Remand (see Docket Entry 13). Plaintiff subsequently filed a petition for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of North Carolina. (See Docket Entry 14.) In response to said petition, Defendant Wells Fargo filed its motion for change of venue with this Court, seeking to transfer the

instant action to the United States District Court for the Eastern District of North Carolina (see Docket Entry 17), with the ultimate goal of having the action referred to the United States Bankruptcy Court for the Eastern District of North Carolina to be handled in conjunction with Plaintiff's bankruptcy proceedings (see id., ¶ 7). Wells Fargo asserts that "this action is property of the bankruptcy estate, is subject to bankruptcy court jurisdiction, and should be heard by the bankruptcy court." (Docket Entry 18, at 1-2.) Wells Fargo also filed a motion to expedite, urging the Court to "shorten the time for the Plaintiff to respond to the Motion for Change of Venue, and consider the Motion [for Change of Venue] on an expedited basis." (Docket Entry 19, ¶ 13.)

Despite her prior Motion for Remand, Plaintiff subsequently filed Notice of Consent, consenting "to the transfer of the above-captioned Action to the United States District Court for the Eastern District of North Carolina and to the subsequent transfer to the United States Bankruptcy Court, Eastern District of North Carolina, without waiving any of her rights thereafter to seek remand of the Action." (Docket Entry 22 at 1.)[2]

---

[2] There is no indication in the record that Plaintiff served any of the Defendants in this action. (See Docket Entries dated Aug. 26, 2011, to present.) Defendants American Security, Nichols & Satterfield and Mortgageit have not made an appearance in this action. (Id.) Defendant Brock & Scott has filed an Answer (see Docket Entry 8) and has separately made an appearance (see Docket Entry 15). Any lack of service on the Defendants is immaterial to the Court's power to transfer the instant proceedings. See The Hanover Ins. Co. v. Paint City Contractors, Inc., 299 F. Supp. 2d 554, 556 n.1 (E.D. Va. 2004) ("Service of process on all named defendants is not a prerequisite to the court's power to transfer." (citing Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514, 516 (4th
(continued...)

## Discussion

Wells Fargo asks this Court "for an order changing venue of this action to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404(a)," (Docket Entry 17 at 1) on the grounds that the instant matter is "related to" Plaintiff's bankruptcy and should accordingly be heard by the bankruptcy court in conjunction with those proceedings.

As an initial matter, the Court notes that there is some debate whether a motion for change of venue for a matter "related to" a bankruptcy proceeding should be governed by 28 U.S.C. § 1404 or 28 U.S.C. § 1412. See, e.g., Washington State Bank v. Turnage, No. 6:11-0004, 2011 WL 1561440, at *3 (W.D. La. Apr. 25, 2011) (unpublished) ("While it is uncontroverted that 28 U.S.C. § 1412 applies to the main bankruptcy case and core adversary proceedings, there is a split in authority regarding whether a motion to transfer an action that is 'related to' a bankruptcy action in another forum, such as this action, should be analyzed under section 1404(a) rather than section 1412."); Mello v. Hare, Wynn, Newel & Newton, LP, No. 3:10-CV-243, 2010 WL 2253535, at *3 (M.D. Tenn. May 30, 2010) (unpublished) ("The Bankruptcy Court for the Middle District of Tennessee has noted that there is a split of

---

[2](...continued)
Cir. 1955)). Furthermore, Wells Fargo served American Security, Brock & Scott, Nichols & Satterfield and Mortgageit with its Motion for Change of Venue (see Docket Entry 17 at 5), but they did not file any objections to the proposed transfer (see Docket Entries dated Oct. 3, 2011, to present).

authority on the question of whether § 1412 or § 1404 governs the transfer of actions ‘related to’ bankruptcy proceedings.”); In re Harwell, 381 B.R. 885, 892 n.4 (Bankr. D. Colo. 2008) (“Some courts have held that transfer of adversary proceedings ‘related to’ a bankruptcy case is governed by 28 U.S.C. § 1404(a) because 28 U.S.C. § 1412 does not specifically refer to proceedings ‘related to’ a case under Chapter 11.”); City of Liberal v. Trailmobile Corp., 316 B.R. 358, 362 (D. Kan. 2004) (citing multiple cases on each side of the § 1404 versus § 1412 debate and noting, “[interestingly, courts have reached different conclusions as to which interpretation constitutes the majority view. *Cf*. *In re Bruno’s*, 227 B.R. [311, 323 (Bank. N.D. Ala. 1998)] (majority of cases use § 1412 transfers), *with Rumore* [*v. Wamstead*, No. 01-2997], 2001 WL 1426680, at *2 [(E.D. La. Nov. 13, 2001) (unpublished)] (‘most courts’ hold § 1404 governs transfer of ‘related to’ actions)”). The language of the two statutes is similar. Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). In comparison, Section 1412 states:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

28 U.S.C. § 1412.

"[I]n reality, the language of the statutes and the factors to be considered in analyzing whether transfer is warranted are nearly identical. The only substantial difference is that under 28 U.S.C. § 1404(a), venue may be transferred only to a district where the action might have originally been brought." In re Harwell, 381 B.R. at 892. In the instant action, however, this distinction may have relevance.

As noted above, Wells Fargo petitioned for removal to this Court on the basis of diversity of citizenship. Venue in diversity of citizenship cases is governed by 28 U.S.C. 1391(a) which provides as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Section 1391(c) provides assistance in analyzing the application of subsection (1) above as it relates to corporations, stating:

> [A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal

> jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c).

As the current pleadings fail to address the Defendants' contacts with the Eastern District of North Carolina and thus whether any Defendant would be subject to personal jurisdiction in that venue as described in Section 1391(c), the Court cannot determine whether the Eastern District of North Carolina originally would have had venue over this matter under Section 1391(a)(1). Further, because the record fails to reflect that a "substantial part of the events or omissions giving rise to the claim" occurred in the Eastern District of North Carolina or that property at issue was located in the Eastern District of North Carolina, it does not appear that venue would have been proper under Section 1391(a)(2). Finally, given that proper venue apparently existed in the Middle District of North Carolina, Section 1391(a)(3) would not apply.

In addition, although 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending," Plaintiff's bankruptcy claims were not yet filed in the Eastern District of North Carolina at the time of the

filing of the instant action.[3] In contrast, an analysis under § 1412 would not require that the action "might have been brought," 28 U.S.C. § 1404(a), in the Eastern District of North Carolina and, therefore, a determination under that section would rest solely on "the interest of justice," 28 U.S.C. § 1412, and "the convenience of the parties," id.

Though the Fourth Circuit has yet to weigh in on whether § 1404 or § 1412 should govern transfer of cases "related to" bankruptcy, the Southern District of West Virginia thoughtfully analyzed the issue in Dunlap v. Friedman's, Inc., 331 B.R. 674 (S.D.W. Va. 2005). In Dunlap, after the action was filed in the Southern District of West Virginia, the defendant sought bankruptcy protection in Georgia and subsequently moved to transfer the case to that venue. Id. at 676. In eventually granting the transfer, the court considered the applicability of both § 1404 and § 1412. After reviewing the split in case law on the issue, id. at 677, the court noted "that section 1404 would, in perhaps a large number of cases, thwart transfer. This is so because the related-to action might not have met, at the time of its filing, the jurisdictional or venue prerequisites making it capable of being 'brought' in the home court where the bankruptcy case is pending, a requirement imposed by the text of section 1404. Such an outcome would dilute

---

[3] Plaintiff filed the instant action in the Superior Court Division of Durham County on September 15, 2010. (See Docket Entry 2.) Plaintiff filed for relief under Title 11 in the United States Bankruptcy Court for the Eastern District of North Carolina on September 13, 2011. (See Docket Entry 14.)

the well-settled presumption that 'related to' proceedings should be litigated in the 'home court[.]'" Id. at 678. The court then looked at the history of § 1412 and concluded that "section 1412 is the appropriate statute for venue transfer purposes in this related-to action." Id. at 680.

Like other courts, this Court finds the reasoning in Dunlap persuasive and thus will consider Wells Fargo's Motion for Change of Venue under 28 U.S.C. § 1412. See Creekridge Capital, LLC v. Louisiana Hosp. Center, LLC, 410 B.R. 623, 628 (D. Minn. 2009) ("This Court adopts the analysis in Dunlap, which thoroughly explains the well-grounded reasons supporting the conclusion that a motion to transfer an action related to a bankruptcy proceeding in another forum is appropriately analyzed under § 1412."); Quick v. Viziquor Solutions, Inc., No. 4:06CV637SNL, 2007 WL 494924, at *3 (E.D. Miss. Feb. 12, 2007) (unpublished) ("Having reviewed the relevant caselaw, this Court finds that § 1412 governs the issue of venue transfer in this 'related to' action for the excellent reasons set forth in *Dunlap* . . . ."). This determination, however, does not end the inquiry. The Court must determine whether the instant action meets the "related to" test as adopted by the Fourth Circuit and, if so, whether the matter warrants transfer either "in the interests of justice or for the convenience of the parties," 28 U.S.C. § 1412.

The test adopted by the Fourth Circuit for determining the existence of "related to" jurisdiction provides:

> "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."

A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 1002 n.11 (4th Cir. 1986) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding would conceivably have any effect on the estate being administered in bankruptcy." Pacor, 743 F.2d at 994.

The instant matter satisfies this test. The "handling and administration of the bankrupt estate," id., could be impacted by a determination of the parties' obligations under the refinancing loan and the Defendants' distribution of funds at the closing of that loan, which will also necessarily affect the amount of Plaintiff's liability to Wells Fargo. See, e.g., Ward v. Invista S.A.R.L., LLC, 385 B.R. 817, 821 n.10 (W.D.N.C. 2008) (determining case "related to" bankruptcy on grounds that "the outcome of this matter will most certainly impact the amount for which the debtor is liable to either Plaintiff or Defendant or both"). In addition, Plaintiff's Complaint asks the Court "to enjoin the foreclosure sale of [Plaintiff's] [p]roperty." (See Docket Entry 2, ¶ 43.) Such relief, if granted, would directly impact the bankruptcy

estate. As such, the instant matter is "related to" Plaintiff's bankruptcy proceedings.

Having found the instant matter "related to" Plaintiff's bankruptcy proceedings, the Court must decide whether the case warrants transfer "in the interest of justice or for the convenience of the parties," 28 U.S.C. § 1412. Under the "in the interests of justice" prong, courts have considered the following factors:

> 1) whether transfer would promote the economic and efficient administration of the bankruptcy estate; 2) whether the interests of judicial economy would be served by the transfer; 3) whether the parties would be able to receive a fair trial in each of the possible venues; 4) whether either forum has an interest in having the controversy decided within its borders; 5) whether the enforceability of any judgment would be affected by the transfer; and 6) whether the plaintiff's original choice of forum should be disturbed.

In re Enron, 317 B.R. 629, 638-39 (S.D.N.Y. 2004) (citations omitted).

With respect to "the convenience of the parties," 28 U.S.C. § 1412, courts have considered:

> 7) the location of the plaintiff and the defendant; 8) the ease of access to the necessary proof; 9) the convenience of the witnesses and the parties and their relative physical and financial condition; 10) the availability of the subpoena power for unwilling witnesses; and 11) the expense of obtaining unwilling witnesses.

Id. at 639.

Factors relevant to the convenience of the parties offer minimal concern. Though Plaintiff initially filed this suit in

Durham County, which sits in the Middle District of North Carolina, Plaintiff's subsequent consent to Wells Fargo's Motion for Change of Venue (see Docket Entry 22), as well as Plaintiff's filing for bankruptcy in the Eastern District of North Carolina (see Docket Entry 14), indicate that the Eastern District of North Carolina will be no less convenient. Given the proximity of the two districts, little change would result with respect to "ease of access to the necessary proof," Enron, 317 B.R. at 639, and/or the "convenience of the witnesses and the parties and their relative physical and financial condition," id. This proximity also minimizes the relevance of factors regarding "the expense of obtaining unwilling witnesses," id., and "the availability of the subpoena power for unwilling witnesses," id.

Furthermore, factors relevant to the interests of justice strongly favor transfer. Deciding Plaintiff's instant claims concurrently with her bankruptcy proceedings would "promote the economic and efficient administration of the bankruptcy estate," id., as well as promote the "interests of judicial economy" generally by reducing duplicative or inter-related litigation, id. Indeed, there is a presumption that the district hearing the bankruptcy case is the proper venue for related actions. See Blanton v. IMN Fin. Corp., 260 B.R. 257, 267 (M.D.N.C. 2001) (Bullock, J.) ("[M]any courts presume that the proper venue for a proceeding related to a bankruptcy case is in the district hearing

the bankruptcy case."); In re Vital Link Lodi, Inc., 240 B.R. 15, 19 (Bank. W.D. Mo. 1999) ("The general rule is that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction."). Finally, Plaintiff's consent to transfer, as well as her bankruptcy filing in the Eastern District of North Carolina, indicate that the Court may grant minimal weight to concerns regarding whether Plaintiff's "original choice of forum should be disturbed." Id. Accordingly, the Court deems transfer of the instant matter to the Eastern District of North Carolina appropriate.

## Conclusion

Due to Plaintiff's Notice of Consent to the transfer of this matter to the Eastern District of North Carolina (Docket Entry 22), minimal concerns regarding disposition of the case in that forum, and the strong interest in deciding cases "related to" the Plaintiff's bankruptcy in conjunction with Plaintiff's bankruptcy proceedings, the Court will transfer this matter to the Eastern District of North Carolina. This transfer renders Plaintiff's earlier Motion for Remand (Docket Entry 13) moot. The Court's disposition in this Order also moots Wells Fargo's Motion to Shorten Response Time and for Expedited Consideration of Wells Fargo's Motion for Change of Venue (Docket Entry 19).

**IT IS THEREFORE ORDERED** that Wells Fargo's Motion for Change of Venue (Docket Entry 17) is **GRANTED** and this action is

transferred to the Eastern District of North Carolina for further proceedings. The Clerk is directed to send the entire record of this action to the Eastern District of North Carolina.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Remand (Docket Entry 13) and Wells Fargo's Motion to Shorten Response Time and for Expedited Consideration of Wells Fargo's Motion for Change of Venue (Docket Entry 19) are **DENIED AS MOOT**.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

November 3, 2011